**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.** 23-cv-61152-Martinez/Becerra

GERALD ANTHONY SERINO, JR.,

     Plaintiff,

v.

IHEALTH PLANS LLC,
JONATHAN BRYAN BITTON, and
ADAM CHARLES SCHEMAN,

     Defendants.

_____/

**PLAINTIFF'S MOTION TO DISMISS**
**DEFENDANT IHEALTH PLANS, LLC'S COUNTERCLAIM**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff GERALD ANTHONY SERINO, JR., through the undersigned counsel, moves

to dismiss Defendant IHealth Plans, LLC's Counterclaim [ECF No. 10] ("Counterclaim") and in

support Serino states the following:

    **I.**    **Background**

1.    Defendants operate a business engaged in telemarketing sales of health insurance and

employed Serino as a telemarketer.

2.    Defendants failed to pay Serino overtime wages as required by the FLSA.

3.    On June 14, 2023, Serino filed suit for unpaid overtime wages.

4.    On July 7, 2023, Defendant IHealth Plans, LLC ("IHealth") filed its Counterclaim

alleging a state law cause of action; i.e., that Serino breached non-solicitation and non-

disparagement provisions of an independent contractor agreement.

## II. Legal Standard

"Courts evaluate motions to dismiss counterclaims under the same standards as a motion to dismiss a complaint." *Nafta Traders, Inc. v. Corkcicle, LLC*, No. 6:19-cv-1672-Orl-78GJK, 2020 U.S. Dist. LEXIS 242119, 2020 WL 7422061, at *1 (M.D. Fla. May 27, 2020). A facial jurisdictional challenge under Rule 12(b)(1) occurs when the motion to dismiss "accepts the [complaint's] [*3] version of jurisdictionally-significant facts as true and addresses their sufficiency." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). "For such facial attacks, a court will look only at the complaint and will take 'all of the allegations in the complaint as true to determine whether a [party] has adequately alleged a basis for subject matter jurisdiction.'" *Fernandez v. Xpress Painting Corp.*, No. 12-21738-CIV, 2012 U.S. Dist. LEXIS 116327, 2012 WL 3562255, at *2 (S.D. Fla. Aug. 17, 2012) (citation omitted).

Under 28 U.S.C. § 1367(a), when a federal district court has original jurisdiction in any civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court has interpreted this "case or controversy" requirement to "confer jurisdiction over supplemental claims that arise from a 'common nucleus of operative fact' in connection with a federal claim." *Promex, LLC v. Perez Distrib. Fresno, Inc.*, No. 09-22285-CIV-MORENO, 2010 U.S. Dist. LEXIS 90677, 2010 WL 3452341, at *12 (S.D. Fla. Sept. 1, 2010) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724-25, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)). In analyzing supplemental jurisdiction issues, the Eleventh Circuit in particular has looked to whether the state claims "'involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts' as the federal claims." *Id.* (quoting *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1563-64 (11th Cir. 1994)).

*Ward v. Kenco Sign & Awning, LLC*, 2022 U.S. Dist. LEXIS 42671, *2-3.

The Eleventh Circuit is "hesitant to allow employers to assert state-law counterclaims against employees in FLSA cases." *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1273 (11th Cir. 2016) (citations omitted).

**III.     IHealth's Counterclaim Lacks a Common Nucleus of Operative Facts with Serino's Overtime Claim**

Serino's federal overtime claim and IHealth's state counterclaim for breach of contract do not derive from a common nucleus of operative facts. The claims do not share the same time, place, acts, evidence, or elements of proof: First, the time of IHealth's alleged counterclaim was post-employment while Serino's overtime claim was during his employment. Second, the place of IHealth's alleged counterclaim was away from Defendants' business while Serino's overtime claim was at IHealth's business. Third, the acts of IHealth's alleged counterclaim include solicitation and disparagement while Serino's overtime claim involves the time Serino incurred during his employment performing work for Defendants. Fourth, the evidence of IHealth's alleged counterclaim will involve evidence pertaining to whether Serino did, or did not, solicit or disparage while Serino's overtime claim will involve evidence pertaining to the hours, duties, and pay of Serino. Fifth, the legal elements necessary to sustain IHealth's alleged counterclaim for breach of contract are different from Serino's overtime claim.

Other than some of the parties being the same, there is no commonality between Serino's federal overtime claim and IHealth's state breach of contract claim. IHealth's counterclaim for breach of contract must be dismissed for lack of jurisdiction because it is based on a state law cause of action, is permissive in nature, and has no logical relationship or common nucleus of operative facts with Serino's federal overtime claim.

The mere fact that Defendants deny Serino is an employee does not render IHealth's counterclaim logically related to Serino's overtime claims:

> Here, Plaintiff does not bring a breach of contract claim against Defendants; rather, Plaintiff's claim arises out of Defendants' alleged failure to pay overtime compensation for overtime hours Plaintiff worked. (*See* Doc. 1 ¶¶ 27-34.) These facts do not give rise to Defendant's counterclaim, which instead centers on whether there was a contract between the parties and whether Plaintiff breached it. In deciding whether a breach occurred, [*7] the Court would not need to determine questions of fact similar to those of the FLSA case, such as the hours Plaintiff worked. Instead, the Court would focus on the elements of a state law breach of contract claim, including questions of contract formation and breach.
>
> While the Court may need to determine whether Plaintiff was an independent contractor during the relevant period alleged in the Complaint, making that determination would not require the Court to determine whether there was a breach of contract, or whether damages resulted from any alleged breach. *Compare Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013) ("To determine whether an individual falls into the category of covered 'employee' or exempted 'independent contractor,' courts look to the 'economic reality' of the relationship between the alleged employee and alleged employer . . . . [the inquiry] focuses on whether 'the work done, in its essence, follows the usual path of an employee.'") (citations omitted), *and Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (" For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach.").

*Ward v. Kenco Sign & Awning, LLC*, 2022 U.S. Dist. LEXIS 42671, *6-7.

IHealth's counterclaim would also predominate over Serino's FLSA claim, which is a separate basis to dismiss it.

WHEREFORE, Plaintiff respectfully requests the Court dismiss Defendant IHealth Plans, LLC's Counterclaim [ECF No. 10].

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:      (786) 924-9929
Fax:      (786) 358-6071
Email: ekoz@kozlawfirm.com

_____

Elliot Kozolchyk, Esq.
Florida Bar No. 74791